Frank D. McKendall
vs.
Nick Patullo
} No. 72976.

Burrows & Kenyon, Inc.
vs.
Nicola Patullo
} No. 73681.

May 27, 1931.

TANNER, J. These two cases were heard together and each involves a question of charging as garnishee one Tanenbaum.

Nick Patullo had been building a house for Tanenbaum. Tanenbaum claimed that the contract was never completed and that he had a set-off for money expended in the completion and a claim for damages for imperfect work. Said Patullo had also done some extra work, not under contract, for which no method of computation by the terms of the contract existed.

The two plaintiffs in the above entitled cases garnisheed the said Tanenbaum for the amount due to said Patullo. Hereafter said Patullo brought suit against said Tanenbaum to ascertain the amount due him and his claim was reduced by the Superior Court to nearly one-half of his claim. This Court had declined to charge the garnishee prior to the bringing of this last named suit by Patullo against the garnishee.

The said plaintiff Burrows & Kenyon, Inc., made a mesne process attachment on said garnishee after seven days had elapsed upon the entry of the decision in the case of Patullo against Tanenbaum. Judgment in the case of *Patullo* vs. *Tanenbaum* was stayed by this Court before the expiration of said seven days.

The said Frank D. McKendall, who made the first garnishment, asked the Court to charge the garnishee in his favor. We think, however, that this was clearly a case of unliquidated damages at the time of said garnishment and, therefore, the Court must decline to charge the garnishee in favor of said McKendall.

The said Burrows & Kenyon, Inc., asked to have the garnishee charged upon its mesne attachment made more than seven days after the decision in the case of *Patullo* vs. *Tanenbaum.* We feel that the garnishee ought to be charged as requested. The claim of *Patullo* vs. *Tannenbaum* had become liquidated by the decision of this Court and the lapse of time within which a new trial could have been asked for and appeal taken.

Judgment should follow automatically within seven days after a decision and judgment was stayed in this case simply to enable the question of garnishment to be determined. This might have been done as well by a stay of execution as by a stay of judgment. The weight of decision is in favor of allowing a judgment to be garnisheed.
28 C. J. 188.

We think this is the better rule, which would prevent a debtor from protecting his assets from his creditors. We have, however, in this connection the case of *American Bank* vs. *Snow,* 9 R. I. page 11, which holds distinctly, following what appeared to be the law

.at that time, that a judgment can not be garnisheed.

We, therefore, are bound by this decision and must decline to charge the garnishee in the case of *Burrows & Kenyon, Inc.*, vs. *Patullo.*

For Frank D. McKendall: McGovern & Slattery, James H. Higgins.

For Burrows & Kenyon, Inc.: R. M. Greenlaw.

For garnishee: Philip S. Knauer and F. H. Bellin.

For Nick Patullo: Michael Addeo.